**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MWAURA NJOROGE, | No. 08-74685 |
| Petitioner, | Agency No. A095-400-004 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012**

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

James Mwaura Njoroge, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

      \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

The agency found Njoroge not credible based on his admission that no information in his initial asylum application was true. The agency also relied on the inconsistencies within and between Njoroge's asylum application and his testimony concerning whether any family members were harmed after he left Kenya, how many threatening notes he received and when he received them, and when his store was burned down. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1043; *Kaur v. Gonzales*, 418 F.3d 1061, 1066-67 (9th Cir. 2005) (lying on an asylum application is an "indication of dishonesty"). In the absence of credible testimony, Njoroge's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Njoroge's CAT claim is based on the same testimony found to be not credible, and Njoroge does not point to any other evidence that shows it is

more likely than not he would be tortured if returned to Kenya, his CAT claim also fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**